```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF KENTUCKY
                     CENTRAL DIVISION at LEXINGTON
```

JON MICHAEL HAZELRIGG,          )
                                )
     Plaintiff                  )    Civil Action No.
                                )    5:13-cv-148-JMH
v.                              )
                                )    **MEMORANDUM OPINION**
STATE OF KENTUCKY, ET AL.,      )       **and ORDER**
                                )
     Defendants                 )
                                )
              ***     ***     ***     ***

Plaintiff David M. Hazelrigg, who lists his address as 143 Stoney Point Road, Paris, Kentucky, has filed this 42 U.S.C. § 1983 civil rights action against the State of Kentucky and James Ockerman Hazelrigg. Because Hazelrigg is appearing without an attorney, the Court holds his complaint to a less stringent standard than one drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

Pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam), district courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Dismissal on a *sua sponte* basis is also authorized

where the asserted claims lack "legal plausibility necessary to invoke federal subject matter jurisdiction." *Id*. at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990). Because Hazelrigg's claims are patently unsubstantial and/or frivolous, his complaint will be dismissed with prejudice. Hazelrigg's pending motion to proceed *in forma pauperis* [R. 10] will be denied as moot.

## ALLEGATIONS OF THE COMPLAINT

Hazelrigg has filed a three-page, handwritten complaint [R. 1] in which he alleges that in 2010, his brother, James Ockerman Hazelrigg, and the state of Kentucky caused him to be involuntarily placed in various state and privately operated hospitals; that the conditions in some or all of those facilities were deplorable; that he was denied food for seventy days; and that while he was confined in those facilities, his religious rights were violated. [R. 1, pp. 1-3]. Hazelrigg has attached as exhibits numerous medical records documenting the medical treatment has received from various providers between 2006 and 2013. [R. 3, 4, and 5].[1] In a supplemental filings, Hazelrigg states:

---

[1] According to the March 6, 2013, letter from Jeffrey J. Green, M.D., Hazelrigg sustained serious bodily injuries in a motor vehicle accident in 2006, and, as a result of his injuries, Hazelrigg has taken narcotic pain medications which, if not "tapered" properly, will cause him to experience serious and debilitating withdrawal symptoms. [R. 4-1, p. 7]

2

> No one should have to endure what my brother and this state put me through in 2010 [.] All I did was quit drinking is that insane or what [?] You have to taper down on most things that effect [sic] your body. No man should have to go through what I did [.] Only in Kentucky.

[R. 4, p. 1].

Broadly construing Hazelrigg's claims challenging his involuntary placement in various hospitals, Hazelrigg appears to allege that the defendants violated his right to due process of law in violation of the Fourteenth Amendment of the U.S. Constitution. Hazelrigg's claims challenging the conditions of the state-operated hospitals in which he was confined also fall under the Fourteenth Amendment of the U.S. Constitution, and his claims alleging the denial of his religious rights fall under the First Amendment of the U.S. Constitution. Hazelrigg seeks unspecified compensatory damages and a jury trial. [R. 1, p. 3].[2]

## DISCUSSION

The Court must dismiss Hazelrigg's claims for three reasons. First, Hazelrigg has named the state of Kentucky as one of two defendants, but the state of Kentucky enjoys sovereign immunity

---

[2] In his original complaint, Hazelrigg states:

"I feel I should be paid for the denegration [sic] of myself and missue [sic] of doctors authority was cruel and unusual punishment please give me clemensy [sic] from house bill owe [word illegible] so I can be out of pain for my trial!!!"

[R. 1, p. 3].

3

from suits demanding monetary damages.  The Eleventh Amendment, which prohibits federal courts from entertaining suits by private parties against the states, provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State.

U.S. Const. Amend. XI.

Under the Eleventh Amendment, sovereign immunity protects both a state and an agency of a state from a suit in federal court for monetary damages.  *Alden v. Maine*, 527 U.S. 706, 713 (1999); *see also Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985); *Edelman v. Jordan*, 415 U.S. 651 (1974) (the Eleventh Amendment precludes actions in which the state is directly named as a party).  There is no suggestion that Congress has abrogated Kentucky's Eleventh Amendment immunity for claims such as those in this case, or that the state of Kentucky has consented to be sued by Hazelrigg.  Therefore, under the framework of *Apple v. Glenn*, Hazelrigg's claims against Kentucky lack legal plausibility, are frivolous, and must be dismissed.  *See Cudejko v. Goldstein*, 22 F. App'x. 484, 485 (6th Cir. 2001) (affirming district court's dismissal of patently insubstantial claims under the authority of *Apple v. Glenn*).

Second, Hazelrigg has named his brother, James Okerman Hazelrigg, as a defendant to this proceeding, but he alleges no facts suggesting or indicating that James Okerman Hazelrigg's

4

alleged actions qualified as him as a "state actor." In order to state a claim for relief in a § 1983 action, a plaintiff must establish that (1) he or she was deprived of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation was committed by a person acting under color of state law. *American Mfrs. Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Hahn v. Star Bank*, 190 F.3d at 717. "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful [.]" *American Mfrs. Mutual Ins. Co. v. Sullivan*, 526 U.S. at 50 (quotation marks and citations omitted).

The Sixth Circuit applies a three-part test to determine if private conduct is fairly attributable to the state:

> The public function test requires that the private entity exercise powers which are traditionally exclusively reserved to the state . . .. The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state. Finally, the nexus test requires a sufficiently close relationship (*i.e.*, through state regulation or contract) between the state and the private actor so that the action taken may be attributed to the state.

*Tahfs v. Proctor*, 316 F.3d 584, 591 (6th Cir. 2003) (quoting *Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir.1995)).

In his complaint, Hazelrigg expresses anger that his brother was allegedly instrumental in having him confined in various medical facilities in 2010, but Hazelrigg fails to allege facts

5

suggesting that James Ockerman Hazelrigg's alleged actions, even if true, constituted state action as defined under the three tests set forth above. Such action, even in true, would implicate private action, not state action.

Based on Hazelrigg's factual allegations, or lack thereof as to any possible state action on the part of James Ockerman Hazelrigg, the Court determines that even if Hazelrigg's claims are true, Defendant James Ockerman Hazelrigg was acting only in his private capacity at the relevant times in 2010, and, thus, does not qualify as a state actor under § 1983. Accordingly, Jon Michael Hazelrigg's § 1983 claims against James Ockerman Hazelrigg will be dismissed because they lack legal plausibility and are frivolous. *See Hassink v. Mottl*, 47 F. App'x 753, at *1-2 (6th Cir. 2002) (affirming the district court's dismissal of the plaintiff's claims seeking monetary damages from his attorney and a bail bondsman because they were not state actors who could be sued under § 1983, and because under *Apple v. Glenn*, the plaintiff's claims were so attenuated that the district court lacked jurisdiction over them).

## CONCLUSION

Accordingly, it is **ORDERED** that:

(1) Plaintiff Jon Michael Hazelrigg's motion to proceed *in forma pauperis* [R. 10] is **DENIED** as **MOOT.**

(2) Hazelrigg's Complaint [R. 1] is **DISMISSED WITH PREJUDICE.**

(3) Judgment shall be entered contemporaneously with this

Memorandum Opinion and Order in favor of the defendants.

This the 3rd day of July, 2013.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge