```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF KENTUCKY
                  CENTRAL DIVISION at LEXINGTON


JON MICHAEL HAZELRIGG,        )
                              )
     Plaintiff                )      Civil Action No.
                              )       5:13-cv-148-JMH
v.                            )
                              )      MEMORANDUM OPINION
STATE OF KENTUCKY, ET AL.,    )          AND ORDER
                              )
     Defendants.              )
                              )
              ***     ***     ***     ***
```

Plaintiff Jon Michael Hazelrigg has submitted a letter which the Court construes as a motion under Federal Rule of Civil Procedure 59(e) [R. 15] to alter or amend the July 3, 2013, Memorandum Opinion and Order and Judgment [R. 13, 14] dismissing Hazelrigg's 42 U.S.C. § 1983 civil rights complaint. [R. 1]. As explained below, Hazelrigg's motion will be denied.

In his letter/construed motion, Hazelrigg does not specifically refer to the recent dismissal of his complaint, but he states that he is not an attorney, asserts that he has required and continues to require certain pain medications, and asks the Court to ". . . help undue the injustice that was done to me by my brother[,] Dr. Scott Peirce and Eastern & Western State Mental Hospitals." [R. 15 at 1].

A Rule 59(e) motion may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice.

*Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006). In his current motion, Hazelrigg essentially re-asserts the same claims and asks for the same relief (monetary damages and access to pain medications) which he sought in his complaint. A party may not use a Rule 59(e) motion as a vehicle either to re-hash old arguments or to advance positions that he or she could have argued earlier, but did not. *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008).

As the Court explained in the July 3, 2013, Memorandum Opinion and Order, the Eleventh Amendment absolutely precludes Hazelrigg's § 1983 claim for damages against the Commonwealth of Kentucky. [R. 13 at 3-4]. Further, the Court correctly dismissed Hazelrigg's § 1983 claim against the other named defendant, James Ockerman Hazelrigg, because James Ockerman Hazelrigg does not qualify as a "state actor" under § 1983, and, lacking such status, he could not be liable for damages under § 1983. [R. 13 at 4-6]. Therefore, under the first criterion for granting relief under Rule 59(e), Hazelrigg has not demonstrated that the Court improperly interpreted or applied the law in dismissing his complaint.

As for the second and third criteria under Rule 59(e), Hazelrigg has likewise failed to point to any newly discovered evidence or to an intervening change in controlling law which would warrant altering or amending the July 3, 2013, Memorandum Opinion and Order.

The fourth criterion under Rule 59(e) requires the movant to show that the adverse ruling has caused him to suffer manifest injustice.  One district court in this circuit has aptly described the concept of "manifest justice" as follows:

> As applied to Rule 59(e), no general definition of manifest injustice has ever been developed; courts instead look at the matter on a case-by-case basis. *Torre v. Federated Mutual Ins. Co.*, 906 F.Supp. 616, 619 (D. Kan. 1995) (unsubstantiated assertion could not lead to a finding of manifest injustice); *Attorney Registration & Disciplinary Com. of Supreme Court v. Betts*, 157 B.R. 631 (Bankr. N.D. Ill. 1993) (mere disagreement with court's findings does not rise to level of manifest injustice).  What is clear from case law, and from a natural reading of the term itself, is that a showing of manifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy.

*McDaniel v. Am. Gen. Fin. Servs., Inc.*, No. 04-2667B, 2007 WL 2084277, at *2 (W.D. Tenn. July 17, 2007).

Under the above analysis, the dismissal of Hazelrigg's complaint did not subject Hazelrigg to manifest injustice.  While the outcome was obviously adverse to Hazelrigg, it was not based either legally or factually on a "fundamental flaw . . . that without correction would lead to a result that is both inequitable and not in line with applicable policy."  *Id.* at *2.  Further, Hazelrigg may have had other remedies available to him in the state courts.

3

For these reasons, Hazelrigg's letter, construed as Rule 59(e) motion seeking relief from the July 3, 2013, Memorandum Opinion and Order, will be denied.

## CONCLUSION

Accordingly, **IT IS ORDERED** that Jon Michael Hazelrigg's letter/ construed motion seeking relief under Rule 59(e) [R. 15] is **DENIED**.

This the 11th day of July, 2013.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge